SA:MTK

**15 MISC 1589**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
IN THE MATTER OF THE APPLICATION OF :
THE UNITED STATES OF AMERICA FOR : **TO BE FILED UNDER SEAL**
AUTHORIZATION TO OBTAIN LOCATION :
DATA CONCERNING A GRAY 2015 : AFFIDAVIT IN SUPPORT OF
VOLKSWAGEN PASSAT BEARING VIN : WARRANT APPLICATION
1VWBT7A30FC063928 :
AND NEW YORK LICENSE PLATE FDB4435, :
REGISTERED TO GINA M. GIBBARD
- - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK      )
COUNTY OF KINGS        : ss.:
EASTERN DISTRICT OF NEW YORK )

GINO X. IZZO, being duly sworn, deposes and states:

1. I am a Task Force Officer with the Drug Enforcement Administration ("Investigating Agency"). As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been a Task Force Officer since July 2009. I have been assigned to investigate violations of criminal law relating to narcotics trafficking. These investigations are conducted both in an undercover and overt capacity. I have gained expertise in this area through training and daily work related to these types of investigations. I have experience in using GPS tracking technology in investigating narcotics offenses.

2. I submit this Affidavit, pursuant to Federal Rule of Criminal Procedure 41(b), 18 U.S.C. § 3117, and 28 U.S.C. § 1651, in support of an application for a warrant and order authorizing the use of Global Positioning System ("GPS") mobile tracking devices for a period of forty-five days (the "Requested Information") by trained law enforcement technicians in or on

a Gray 2015 Volkswagen Passat bearing VIN 1VWBT7A30FC063928 and New York License Plate FDB4435 (the "TARGET VEHICLE") which is registered to Gina M. Gibbard and believed to be used by Michael Gibbard (the "Target Subject") and others unknown.

3. This Affidavit is based upon my participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of obtaining a tracking warrant, it does not include all the facts that I have learned during the course of this investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. In making this application, I am relying only on the facts stated herein.

4. Information in this Affidavit resulting from surveillance does not always set forth my personal observations, but rather, at times reflects information provided to me by other law enforcement agents who observed the events described, and to whom I have spoken or whose report I have read.

5. For the reasons set forth below, I respectfully submit that probable cause exists to believe that: (i) the Requested Information will lead to evidence of the crime of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (the "Subject Offense"), and that it will also lead to the locations of one or more unknown individuals who are presently engaged in the commission of the Subject Offense; and (ii) the Subject Offense is being committed, and will continued to be committed, by the Target Subject and others unknown, using the TARGET VEHICLE.

## FACTS ESTABLISHING PROBABLE CAUSE

6.  I have been involved in an investigation regarding the distribution of Oxycodone tablets in the metropolitan New York and New Jersey areas.

6.  In connection with that investigation, since in or about June 1, 2015, Task Force Officers have spoken with an individual who is a confidential source ("CS-1") for law enforcement. CS-1 has worked with the Investigating Agency since approximately January 2015 and provided reliable information in the past seven months.

7.  CS-1 knows the Target Subject to be a narcotics dealer. On or about June 8, 2015, CS-1 informed Task Force Officers that he/she had recently spoken with individuals known to the Target Subject at a gym in Queens, New York. During their conversation, the individuals known to the Target Subject informed CS-1 that the Target Subject was in possession of approximately 6,000 pills of Oxycodone.

8.  On or about June 11, 2015, CS-1 positively identified the Target Subject in a photo array.

9.  On or about June 29, 2015, CS-1 spoke with the Target Subject at the aforementioned gym in Queens, New York. The Target Subject asked CS-1 if he/she had any interest in purchasing Oxycodone pills. CS-1 stated that he/she was interested in purchasing the pills. The Target Subject informed CS-1 that he would provide CS-1 with a sample the next time they encountered each other at the gym.

10. The Target Subject informed CS-1 that he purchases the pills in large quantities from an unknown male in Queens, New York. The Target Subject also informed CS-1 that he could have more pills "pressed" once his supply was exhausted.

11. At the same time, the Target Subject provided CS-1 with the number for his cellular telephone (the "Subject Telephone"). The telephone number provided by the Target Subject matched the number that CS-1 had previously entered into his/her phone under the Target Subject's name.

12. On or about July 6, 2015, CS-1 informed Task Force Officers that he/she had met the Target Subject at the gym earlier in the day. At that time, the Target Subject provided CS-1 with a sample of two pills. Task Force Officers arranged to meet CS-1 to collect the samples.

13. The pills collected from CS-1 contained the marking "A/215" pressed on one side. Task Force Officers immediately sent the sample pills to the Northeast Regional Laboratory ("NERL") for chemical testing.

14. On July 9, 2015, NERL verbally informed Task Force Officers that the sample pills were not Oxycodone but rather Acetyl Fentanyl ("Fentanyl").

15. On July 13, 2015 Task Force Officers received the official NERL report confirming that the pills contained Fentanyl.

16. Fentanyl is a Schedule I narcotic. It is an extremely powerful opioid used in medical treatment. Fentanyl is approximately 30 to 50 times more potent than heroin.

17. On July 14, 2015, the Hon. Cheryl L. Pollak signed an order authorizing the use of a pen register and trap and trace device on the Subject Telephone.

18. On July 16, 2015, the Hon. Cheryl L. Pollak signed a warrant authorizing the disclosure of prospective cell site information relating to the Subject Telephone.

19. On or about July 23, 2015, members of the DEA Tactical Diversion Squad ("TDS") along with a DEA air asset conducted surveillance of a meeting between CS-1 and the Target Subject at the Club Fitness Gym ("Gym") located in Astoria, New York.

20. Prior to the meeting, Task Force Officers equipped CS-1 with audio/video recording device.

21. The meeting had been arranged by CS-1 to discuss the potential sale of Fentanyl to CS-1. At the meeting, the Target Subject agreed to sell 1000 pills of Fentanyl to CS-1 at date to be determined.

22. At the conclusion of the meeting, Task Force Officers observed the Target Subject walk to an adjacent parking lot outside the view of ground surveillance.

23. CS-1 immediately called Task Force Officers informing them that the Target Subject was driving the TARGET VEHICLE. A subsequent review of the recording obtained during the meeting revealed that the Target Subject informed CS-1 that he had recently sold his car and purchased a new 2015 Volkswagen Passat.

24. Shortly after CS-1's phone call, Task Force Officers observed the Target Subject driving the TARGET VEHICLE.

25. Task Force Officers subsequently located a gray 2015 Volkswagen Passat with New York license plate T679516C, parked approximately one block from the Target Subject's known home address. A registration check on the vehicle revealed that the gray 2015 Volkswagen Passat with New York license plate T679516C was registered to Fadil Krasniqi.

26. On July 29, 2015, the Hon. Cheryl L. Pollak signed a warrant authorizing the use of a GPS mobile tracking device on a 2015 gray Volkswagen Passat bearing VIN

1VWCV7A32FC077117 and New York license plate T679516C and registered to Fadil Krasniqi.

27. Prior to installation of the GPS tracker on the vehicle described in paragraph 26, Task Force Officers conducting surveillance on the Target Subject observed the TARGET VEHICLE, a gray 2015 Volkswagen Passat with New York license plate FDB4435, parked in front of Target Subject's residence.

28. A registration check on the TARGET VEHICLE revealed that TARGET VEHICLE is registered to Gina M. Gibbard. Gibbard is the mother of the Target Subject, confirming the vehicle's tie to the Target Subject.

29. Upon realizing that the July 29, 2015 warrant mistakenly identified the vehicle described in paragraph 26 as the TARGET VEHICLE, I immediately notified Assistant United States Attorney Michael T. Keilty. The GPS tracker was not installed on the vehicle described in paragraph 26.

30. On or about August 12, 2015 and upon the direction of Task Force Officers, CS-1 conducted a control buy of 500 pills of Fentanyl from the Target Subject.

31. On or about August 14, 2015, Task Force Officers conducting surveillance on the Target Subject observed the Target Subject exit his residence and walk toward the TARGET VEHICLE. The Target Subject unlocked the TARGET VEHICLE using a key fob. The Target Subject opened the front driver's side door and appeared to search for an item on the passenger's side of the TARGET VEHICLE. The Target Subject exited the vehicle and removed a parking ticket from the front windshield. The Target Subject then opened the rear driver's side door and removed a black duffel bag. The Target Subject locked the TARGET VEHICLE with the key fob and walked back into his residence.

## THE AUTHORIZATION REQUESTS

6.      Based on the foregoing, and my training and experience, I respectfully submit that the Requested Information, with respect to the TARGET VEHICLE, will lead to evidence of the Subject Offense, including but not limited to: (i) the physical location of the Target Subject and the TARGET VEHICLE, which will allow for, among other things, surveillance of the Target Subject and the Target Subject's co-conspirators; (ii) the identities of co-conspirators not yet known; and (iii) the nature of the organization that is the subject of this investigation.

7.      IT IS REQUESTED, pursuant to Federal Rule of Criminal Procedure 41(b), 18 U.S.C. § 3117, and 28 U.S.C. § 1651, that the Court issue a warrant and order authorizing the use of a GPS mobile tracking device in or on the TARGET VEHICLE by members of the DEA and other law enforcement agencies in order to monitor the movement of the TARGET VEHICLE for a period of 45 days.

8.      IT IS FURTHER REQUESTED that the Court authorize technicians and agents with the DEA and other law enforcement agencies or their authorized representatives to monitor the signals from the GPS mobile tracking device installed within or on the TARGET VEHICLE for a period of 45 days following the issuance of the Court's Order, including signals produced inside private locations and other places not open to the public or visual surveillance, and signals produced in the event that the TARGET VEHICLE leaves the Eastern District of New York, but remains within the United States.

9.      IT IS FURTHER REQUESTED that the Court authorize technicians and agents with the DEA and other law enforcement agencies or their authorized representatives to

surreptitiously enter the TARGET VEHICLE, including at night, in order to install, repair, replace, or remove the GPS mobile tracking device.

10. IT IS FURTHER REQUESTED that the Court require the return of this warrant within 30 days after the use of the tracking device has ended unless extended by the Court for good cause shown.

11. IT IS FURTHER REQUESTED that the warrant and this affirmation, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, the DEA, and any other law enforcement agency designated by the United States Attorney's Office.

12. IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Section 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of thirty (30) days after the termination of the execution of the warrant. Portions of the investigation are ongoing and delayed notice is necessary to avoid premature disclosure of the scope of the investigation, thereby risking flight by targets of the

Investigation, the destruction of evidence, and/or the possible endangerment of witnesses and law enforcement agents involved in the investigation.

_____
GINO X. IZZO
Task Force Officer
Drug Enforcement Administration

Sworn to before me this
18th day of August, 2015

      s/Viktor V. Pohorelsky
_____
HONORABLE VIKTOR V. POHORELSKY
United States Magistrate Judge
Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF THE APPLICATION OF :
THE UNITED STATES OF AMERICA FOR :
AUTHORIZATION TO OBTAIN LOCATION :
DATA CONCERNING A GRAY 2015 :
VOLKSWAGEN PASSAT BEARING VIN :
1VWBT7A30FC063928 :
AND NEW YORK LICENSE PLATE FDB4435, :
REGISTERED TO GINA M. GIBBARD

- - - - - - - - - - - - - - - - - - - - X

**15 MISC 1589**

**SEALED ORDER**

Application having been made by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41(b), 18 U.S.C. § 3117, and 28 U.S.C. § 1651, authorizing the installation of Global Positioning System ("GPS") mobile tracking devices by trained law enforcement technicians in or on in or on a gray 2015 Volkswagen Passat bearing VIN 1VWBT7A30FC063928 and New York License Plate FDB4435 (the "TARGET VEHICLE") for a period of 45 days;

The Court finds that there is probable cause to believe that the monitoring of GPS mobile tracking devices to be installed in or on the TARGET VEHICLE will lead to evidence of the crime of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 (the "Subject Offense"), and that it will also lead to the locations of one or more unknown individuals who are presently engaged in the commission of the Subject Offense. The Court further finds that there is probable cause to believe that the Requested Information is relevant and material to an ongoing criminal investigation.

IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 41(b), 18 U.S.C. § 3117, and 28 U.S.C. § 1651, that trained law enforcement technicians with the Drug Enforcement Administration ("DEA") and other agencies, beginning at any time within 10 days

2

of the date of this Order, are authorized for a period not to exceed 45 days from the date of this Order, unless extended by the Court, to provide law enforcement agents with the data and information obtained from the monitoring of transmissions from the GPS mobile tracking devices in or on the TARGET VEHICLE, and said authority to monitor transmissions via the GPS systems to extend to any time of the day or night as required, including monitoring of transmissions (1) from inside private residences and garages, and other locations not open to the public or visual surveillance; and (2) when the TARGET VEHICLE leaves the Eastern District of New York but remains within the United States, pursuant to 18 U.S.C. § 3117; and

IT IS FURTHER ORDERED that law enforcement officers and persons authorized to provide them with necessary and technical assistance are authorized to surreptitiously enter the TARGET VEHICLE to install the GPS mobile tracking devices and to repair, replace, or remove the GPS mobile tracking devices for a period of 45 days from the date of this Order, unless extended by written Order, or until the goals of the investigation have been achieved, whichever comes sooner, pursuant to Federal Rule of Criminal Procedure 41(b), 18 U.S.C. § 3117, and 28 U.S.C. § 1651.

IT IS FURTHER ORDERED that agents and technicians with DEA and other law enforcement agencies are not required to leave copies of this Order in the TARGET VEHICLE due to the covert nature of this installation and investigation.

IT IS FURTHER ORDERED that the Court's Order and the accompanying affirmation submitted in support thereof, as they reveal an ongoing investigation, be sealed until further Court Order in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office for the Eastern

3

District of New York and may be served on federal law enforcement officers, federally deputized state and local law enforcement officers, and other Government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the Court's Order.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the execution of the warrant.

Dated: August 18, 2015
      Brooklyn, New York

                                      s/Viktor V. Pohorelsky
                                    HONORABLE VIKTOR V. POHORELSKY
                                    United States Magistrate Judge
                                    Eastern District of New York